UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT MCGUIRE, | ) | CASE NO. 1:06 CV 798 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION AND ORDER |
| JULIUS WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 5, 2006, plaintiff pro se Robert McGuire filed the above- captioned action under 42 U.S.C. § 1983 against Richland Correctional Institution ("RCI") Warden Julius Wilson, RCI Deputy Warden of Operations Pam Mack, RCI Unit Manager Administrator Carla Bernard, RCI Unit Manager Joy Kirsh, RCI Sergeant Burkhart, RCI Health and Safety Officer James Houser, Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, and ODRC Regional Director Toni Brooks. In the complaint, plaintiff alleges the defendants have been deliberately indifferent to his serious medical needs. He seeks $ 100,000.00 from each defendant and $1,200,000.00 in "general and nominal damages." (Compl. at 17.)

## *Background*

Mr. McGuire is an inmate currently housed in the H2 non-smoking housing unit at RCI. He states that he suffers from hepatitis C, herniated disks in the lumbar region of his back, a ruptured esophagus which is tied to his stomach, a collapsed left lung, intestinal scar tissue, and a chronic cough which requires him to be housed in a smoke free environment to maintain his health. He contends that although tobacco smoking is prohibited in his unit, inmates and corrections officers routinely smoke in restrooms, showers, and near the officer's desk. Mr. McGuire claims inmates in protective custody are housed in his unit regardless of their smoking preferences. He indicates that this practice has led to numerous violations of the no smoking policy. He further contends that the prison staff at RCI are aware of the problem but have failed to eliminate it.

## *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion

requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He attaches a Notification of Grievance form dated January 4, 2006 which generally complains of unauthorized smoking in his unit. He also includes and Informal Complaint Resolution form dated November 29, 2005 directed to the Chief Inspector complaining of violations of the smoking policy, indicating that he objected to the Warden's

response to his kite, and stating generally that "this action thus follow [sic] against said 'Managing Officer' and his subordinates: Richland Correctional Institution DWO Ms. Mack, UMA Ms. Carla Bernard; H2 Lower A/B Unit Mgr. Ms. Joy Kirsh, Health & Safety Officer Mr. Houser, H2 Lower A?B Sgt. Mr. Burkhart and in addition to include Reginald Wilkinson Dir. ODRC; and Regional Dir. Ms. Toni Brooks." (Inf. Compl. Res. dated Nov. 25, 2005) The Chief Inspector issued a Decision on February 28, 2006 informing Mr. McGuire that his claims against the Warden failed to demonstrate that the Warden was personally involved and taht the claims against the other prison officials needed to be submitted through the institutional grievance process. There is no suggestion that Mr. McGuire heeded that advice and pursued his claims against these defendants at the institutional level. He therefore has not exhausted his administrative remedies against these defendants.

The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Plaintiff has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2006

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.